UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RICHARD ALLEN LIMA, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:24-cv-00598-JPH-CSW |
| CARTER Doctor, TEAH Nurse Practitioner, RUNYON HSA, | ) |
| Defendants. | ) |

**ORDER DENYING MOTION FOR COUNSEL, SCREENING COMPLAINT AND DIRECTING FURTHER PROCEEDINGS**

Plaintiff Richard Lima is a prisoner currently incarcerated at New Castle Correctional Facility. He filed this civil action alleging deliberate indifference to his medical care. Mr. Lima also moved for assistance recruiting counsel. Dkt. [18].

**I.
Motion for Counsel**

Litigants in federal civil cases do not have a constitutional or statutory right to court-appointed counsel. *Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018). Instead, 28 U.S.C. § 1915(e)(1) gives courts the authority to "request" counsel. *Mallard v. United States District Court*, 490 U.S. 296, 300 (1989). As a practical matter, there are not enough lawyers willing and qualified to accept a pro bono assignment in every pro se case. *See Watts v. Kidman*, 42 F.4th 755, 764 (7th Cir. 2022) (explaining that courts must be careful stewards of the limited resource of volunteer lawyers); *Olson v. Morgan*, 750 F.3d 708, 711 (7th

1

Cir. 2014) ("Whether to recruit an attorney is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.").

"'When confronted with a request under § 1915(e)(1) for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). These two questions "must guide" the Court's determination whether to attempt to recruit counsel. *Id.* These questions require an individualized assessment of the plaintiff, the claims, and the stage of litigation. *See Pruitt*, 503 F.3d at 655-56.

The first question, whether litigants have made a reasonable attempt to secure private counsel on their own, "is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan*, 987 F.3d at 682. Mr. Lima indicates that he "has made extensive efforts to employ counsel to represent him in this cause," dkt. 18 at 1, but he has not provided any further information regarding his attempts to contact attorneys, including how many attempts he made. Accordingly, the Court finds that he has not demonstrated he made a reasonable effort to recruit counsel on his own before seeking the Court's assistance. *See Thomas*, 912 F.3d at 978. His motion for assistance with recruiting counsel can be denied for this reason.

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims himself." *Eagan*, 987 F.3d at 682 (citing *Pruitt*, 503 F.3d at 655). "The court's competency evaluation should account for 'the plaintiff's literacy, communication skills, educational level, and litigation experience,' and, to the extent that such evidence is before the court, information 'bearing on the plaintiff's intellectual capacity and psychological history.'" *Watts*, 42 F.4th at 760 (quoting *Pruitt,* 503 F.3d at 655). "Specifically, courts should consider 'whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself.'" *Eagan, 987 F.3d at 682* (quoting *Pruitt,* 503 F.3d at 655). "This assessment of the plaintiff's apparent competence extends beyond the trial stage of proceedings; it must include 'the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial.'" *Id.* (quoting *Pruitt,* 503 F.3d at 655).

Mr. Lima's motion simply states that he is unable to investigate his claims properly due to his incarceration and his lack of expertise in legal matters. Dkt. 18 at 1. But these general contentions apply to many incarcerated litigants and are not enough to show that a plaintiff cannot pursue his claims on his own. This case is in its very early stages. After all defendants appear and answer the complaint, the Court will issue a schedule that provides Mr. Lima with information about how to pursue his claims. And

if he requires additional time to meet the Court's deadlines because of his incarceration, he may seek extensions of time if it is appropriate.

Accordingly, Mr. Lima's motion for assistance recruiting counsel, dkt. [18], is **denied without prejudice**. The **clerk is directed** to send him a motion for assistance recruiting counsel form, which he must use if he chooses to renew his motion. The Court will remain alert to changes in circumstances that may warrant reconsideration of the motion, such as a settlement conference or trial.

## II.
## Screening Standard

Because the plaintiff is a "prisoner," this Court must screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c). When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to

4

a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## III.
## The Complaint

Mr. Lima's factual allegations are accepted as true at the pleading stage. *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023). The complaint names as defendants (1) Dr. Carter, (2) Nurse Practitioner (NP) Teal, and (3) HSA Runyon.

Mr. Lima alleges that on December 17, 2023, he experienced serious abdominal pain caused by an infected wound on his left side. Dkt. 10 at 2. Despite being seen by nurses and told "that x-rays would be done and sent out to hospital," that did not occur. *Id.* He filed health care requests and NP Teah and HSA Runyon were contacted by staff members when he threw up blood, but he received no treatment. *Id.* at 3. NP Teah failed to treat him for two-and-a-half weeks after she was informed Mr. Lima was throwing up blood and HSA Runyon did nothing to help relieve his pain. *Id.* at 4, 5. Further, Dr. Carter had Mr. Lima change his own wound dressing, which led to a staph infection. *Id.* at 4. He seeks compensatory and punitive damages.

## IV.
## Discussion of Claims

Applying the screening standard to the factual allegations in the complaint, Eighth Amendment deliberate indifference claims against all defendants **shall proceed.**

This summary of claims includes all of the viable claims identified by the Court. All other claims have been dismissed. If Mr. Lima believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through December 20, 2024,** in which to file a motion to reconsider the screening order.

## V.
## Conclusion and Service of Process

Mr. Lima's motion for assistance recruiting counsel, dkt. [18], is **denied without prejudice**. The **clerk is directed** to include a copy of a motion for assistance recruiting counsel form with his copy of this Order.

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendants Dr. Carter, Nurse Teah, and HSA Runyon in the manner specified by Rule 4(d). Process shall consist of the amended complaint, dkt [10], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

The **clerk is directed** to serve the Centurion employees electronically.

Defendants Dr. Carter, Nurse Teah, and HSA Runyon are identified as employees of Centurion. A copy of this Order and the process documents shall also be served on Centurion electronically. Centurion is **ORDERED** to provide the full name and last known home address of any defendant who does not waive service if they have such information. This information may be provided to the Court informally or may be filed ex parte.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**SO ORDERED.**

Date: 12/2/2024

*James Patrick Hanlon*

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

RICHARD ALLEN LIMA
234256
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
P.O. Box E
NEW CASTLE, IN 47362

Electronic service to Centurion
    Dr. Carter
    Nurse Teah
    HSA Runyon